FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA OCT 13 PM 3: 16
ORLANDO DIVISION CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MIGDALIA ORTIZ,
    Plaintiff,

Case No. : 6:10-CV-1518- OPL-31-KRS

vs.

SCOTTSDALE COLLECTION SERVICES, L.L.C.
    an Arizona limited liability corporation,

BYRON RICHARD BOYCE,
    an individual,

and

JOHN & JANE DOES I through III

    Defendant(s)
                          /
_____/

## COMPLAINT
### (Jury Trial Demanded)

### I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer, MIGDALIA

ORTIZ (hereinafter referred to as "MIGDALIA ORTIZ" or "Plaintiff"), for Defendants'

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter

"FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices. Defendant, SCOTTSDALE COLLECTION SERVICES' (hereinafter referred to as

"SCOTTSDALE") violations of the FDCPA arise from : (1) three letters from SCOTTSDALE

to MIGDALIA ORTIZ which violated §§ 1692e and 1692e(2)(A) by attempting to collect an

account that MIGDALIA ORTIZ had discharged in bankruptcy; and (2) SCOTTSDALE's

1


SCANNED

initial letter (dated June 3, 2010) which stated that she would have to object *in writing* or SCOTTSDALE would assume the account to be valid which violated § 1692g(a)(3) by requiring that MIGDALIE ORTIZ dispute "in writing".  MIGDALIA ORTIZ also brings this action against the persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation presently identified as BYRON RICHARD BOYCE and JOHN and JANE DOES I through III.   Plaintiff seeks an award of statutory damages in the maximum amount of $ 1,000.00 per action and reasonable attorney's fees and costs.

2.  The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. " 15 U.S.C. § 1692(a).  "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## II.  JURISDICTION AND VENUE

3.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 1692k because the conduct complained of occurred in Seminole County, Florida, Plaintiff resides in this District.

2

## III. PARTIES

5. Plaintiff, MIGDALIA ORTIZ (hereinafter, referred to as "MIGDALIA ORTIZ" or "Plaintiff"), is a natural person residing in Seminole County, Florida, at all times material hereto.

6. Defendant, SCOTTSDALE COLLECTION SERVICES, L.L.C., (hereinafter, referred to as "SCOTTSDALE" or "Defendant") is an Arizona limited liability corporation and a citizen of the State of Arizona whose principal place of business is 2501 West Dunlap Avenue, Suite 240, Pheonix, Arizona 85021. . Defendant SCOTTSDALE is licensed as a collection agency by the State of Arizona, Department of Financial Institutions. SCOTTSDALE attempts to collect consumer debts from consumers who reside in the State of Florida including the Middle District of Florida

7. Defendant SCOTTSDALE may be served with process through its statutory agent, Richard Bartlett, at his business address which is 2501 West Dunlap, Suite 240, in Phoenix, Arizona 85021.

8. Defendant BYRON RICHARD BOYCE (hereinafter referred to as "BYRON BOYCE") served as "Operations Manager" of Defendant SCOTTSDALE at all times relevant to this Complaint. As Operations Manager, BYRON BOYCE's duties include day-to-day operations, technologies, and compliance issues. All of SCOTTSDALE's employees and officers report directly or indirectly to BYRON BOYCE and, as such, Mr. Boyce is a person who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation.

9. Plaintiff also sues additional persons who created, approved, directed, and/or

3

participated in the collection practices that are the subject of this litigation.  The identity of these

persons is known to Defendant SCOTTSDALE  but is  not presently known to Plaintiff.  These

defendants are hereinafter referred to as Defendants DOE I, DOE II, and DOE III.  (Defendants

SCOTTSDALE, BYRON BOYCE,  and DOES I - III are hereinafter collectively referred to as

the "Defendants").

10.  All acts of the individual defendants described below were with the authority and

knowledge of SCOTTSDALE   and were within the scope of the employment and agency of the

individual defendants.

11.  Defendants SCOTTSDALE and DOES I - III are "debt collectors" as defined by

the FDCPA, 15 U.S.C. § 1692a(6), because they regularly use the mails and/or the telephone to

collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts

in the Middle District of Florida.

12.  Defendant SCOTTSDALE  uses the instrumentalities of interstate commerce or the

mail in its business.

13.  Defendant SCOTTSDALE uses telephone communications in its business.

14.  Defendant SCOTTSDALE uses the mail in its business.

15.  The principal purpose of Defendant SCOTTSDALE's business is the collection of

debts.

16.  Defendant SCOTTSDALE  regularly collects or attempts to collect debts asserted

to be owed or due to another.

17.  Defendant SCOTTSDALE is a debt collector subject to the provisions of the

Federal Fair Debt Collections Practices Act.

4

18.   All acts of the individual defendants described below were with the authority and knowledge of SCOTTSDALE  and were within the scope of the employment and agency of the individual defendants.

19.   At all times material hereto, MIGDALIA ORTIZ was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3).

20.   At all times material hereto, Orlando Health Network  was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

21.   At all times material hereto, the Account between Orlando Health Network and MIGDALIA ORTIZ was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

## IV.  FACTS

22.   On December 16, 2009, MIGDALIA ORTIZ a voluntary, Chapter 7  bankruptcy petition  in the Orlando  Division of the United States Bankruptcy Court.  (Case No. 6:09-bk-19107-ABB).

23.   Plaintiff listed the Account in her schedules.

24.   On April 14, 2010,  the Bankruptcy Court entered an order entitled "Discharge of Debtor" (hereinafter referred to as the "Discharge Order").  (A *redacted* copy of the Discharge Order along with the Certificate of Mailing by the Bankruptcy Noticing Center is attached as Exhibit "A".)

25.   No person, including but not limited to Orlando Health Network, filed an adversary action seeking to determine dischargeability of the Account.   Orlando Health Network did not file a reaffirmation agreement with the bankruptcy court.   The Account was discharged in Plaintiff's bankruptcy.

5

26.   "Scrubbing" debt portfolios for bankruptcies is inexpensive and is an industry standard to assure compliance with the Fair Debt Collections Practices Act ("FDCPA"). See, e.g., ACA International Statement on the Buying and Collecting of Bankrupt Debt, released November 7, 2007 (available at http://www.acainternational.org/?cid=11398) ("ACA members 'scrub' accounts through nationally known databases to remove any bankruptcy filings.") Bankruptcy case information is available via the internet through Public Access to Court Electronic Records ("PACER") (http://pacer.psc.uscourts.gov/) and through "scrub" services. See, http://www.phinsolutions.com; http://www.banko.com; and http://www.fairisaac.com ("UniScore"). Based upon information and belief (i.e., statements on SCOTTSDALE's website) SCOTTSDALE is a member of ACA. Based upon information and belief, SCOTTSDALE failed to scrub or adequately scrub the Account.

27.   On or about June 3, 2010, Defendant SCOTTSDALE mailed MIGDALIA ORTIZ a letter demanding that she pay SCOTTSDALE the "Total Due" in the amount of $ 129.25 and stated, in pertinent part, that :

> "Please be advised that we have been retained by the above client(s) to collect the above past due balance.
>
> ****
>
> Unless, within thirty days after receipt of this notice, you notify us **in writing** that the debt or any portion thereof is disputed, the debt will be assumed valid."

(Emphasis supplied). (A *redacted* copy of the letter dated June 3, 2010, from SCOTTSDALE to Plaintiff is attached as Exhibit "B".)

28.   On or about July 7, 2010, Defendants mailed MIGDALIA ORTIZ a second letter

demanding that she pay SCOTTSDALE a balance in the amount of $ 129.25 which was purportedly due to Orlando Health Network. (A *redacted* copy of the letter dated July 7, 2010, from SCOTTSDALE to Plaintiff is attached as Exhibit "C".)

29.      On or about August 5, 2010, Defendants mailed MIGDALIA ORTIZ a third dunning letter demanding that she pay $ 129.25 purportedly due to Orlando Health Network. (A *redacted* copy of the letter dated August 5, 2010, from SCOTTSDALE to Plaintiff is attached as Exhibit "D".)

30.      Defendant SCOTTSDALE thereby violated 15 U.S.C. §§ 1692e and 1692c(2)(A) by demanding that MIGDALIA ORTIZ pay the discharged Account.  Randolph v. IMBS, Inc., 368 F.3d 726, 728 - 730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

31.      Defendant SCOTTSDALE thereby violated 15 U.S.C. § 1692g(a)(3) by requiring that Plaintiff's dispute be "in writing".  Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078 (9th Cir. 2005).

32.      All of Defendant SCOTTSDALE's collection actions at issue in this matter occurred within one year of the date of this Complaint.

33.      The statements made by Defendant SCOTTSDALE are to be interpreted under the "least sophisticated consumer" standard.  Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

7

## COUNT I
## ATTEMPTING TO COLLECT A DISCHARGED ACCOUNT
## FAIR DEBT COLLECTIONS PRACTICES ACT

34. Plaintiff MIGDALIA ORTIZ   repeats and re-alleges and incorporates by reference paragraphs 1 through 34 above.

35. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt.  See 15 U.S.C. § 1692(e) and § 1692(e)(2)(A).

36. Attempting to collect a debt that is not owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA.  Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

37. Defendant SCOTTSDALE written  statements to MIGDALIA ORTIZ violated the FDCPA's prohibition against using any false, misleading or deceptive statements in the collection of a consumer debt, in violation of 15 U.S.C. § 1692e and § 1692e(2).

38. Defendant SCOTTSDALE's statements to MIGDALIA ORTIZ  violated the FDCPA, 15 U.S.C. § 1692e prohibiting debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. Defendant SCOTTSDALE's  statements to MIGDALIA ORTIZ  violated the FDCPA, 15 U.S.C. § 1692e(2)(A)  prohibiting debt collectors from falsely representing the character, amount, or legal status of any debt.

40.    Defendant SCOTTSDALE's statements to MIGDALIA ORTIZ violated the

FDCPA, 15 U.S.C. § 1692e(10) prohibiting debt collectors from using any false representation

or deceptive means to collect or attempt to collect any debt or to obtain information concerning

a consumer.

41.    As a result of the above violations of the FDCPA, the Defendants are jointly and

severally liable to the Plaintiff MIGDALIA ORTIZ for (1) statutory damages (in the amount of

$ 1,000); and (2) costs and reasonable attorney's fees (pursuant to 15 U.S.C. § 1692k).

**WHEREFORE,** Plaintiff MIGDALIA ORTIZ  respectfully prays that judgment be

entered  against the Defendants, SCOTTSDALE COLLECTION SERVICES, L.L.C., BYRON

RICHARD BOYCE, and JOHN AND JANE DOES I through III, jointly and severally,  for the

following:

A.  Statutory damages (in the amount of $ 1,000.00) pursuant to 15 U.S.C. § 1692k;

B.  Costs and reasonable attorney's fees pursuant to 15  U.S.C. § 1692k; and

C.  For such other and further relief as may be just and proper.

**COUNT II**
**REQUIRING CONSUMER TO DISPUTE IN WRITING**
**FAIR DEBT COLLECTIONS PRACTICES ACT**

42. Plaintiff MIGDALIA ORTIZ  repeats and re-alleges and incorporates by reference

paragraphs 1 through 33 above.

43.  Section 1692g of the FDCPA requires that,  within five days after the initial

communication with a consumer, debt collectors must send the consumers a written notice

containing ---

9

(1) the amount of the debt;

*****

(3) "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector"

15 U.S.C. § 1692g(a)(1) and (a)(3).

44.   Defendant SCOTTSDALE's "Validation Notice"  violates the FDCPA's requirement that SCOTTSDALE disclose to MIGDALIA ORTIZ  that she has the right to dispute the Account within thirty (30) days of receipt of the letter (including verbal or telephonic disputes) without imposing additional requirements upon such communications (i.e., Defendant's statement requiring Plaintiff to dispute "in writing" if she disputed "the validity of the debt"). See 15 U.S.C. § 1692g(a)(3);   Comacho v. Bridgeport Fin. Inc., 430 F.3d 1078 (9th Cir. 2005).

WHEREFORE, Plaintiff MIGDALIA ORTIZ  respectfully prays that judgment be entered  against the Defendants, SCOTTSDALE COLLECTION SERVICES, L.L.C., BYRON RICHARD BOYCE,  and JOHN AND JANE DOES I through III, jointly and severally,  for the following:

A.   Statutory damages (in the amount of $ 1,000.00) pursuant to 15 U.S.C. § 1692k;

B.   Costs and reasonable attorney's fees pursuant to 15  U.S.C. § 1692k; and

C.   For such other and further relief as may be just and proper.

10

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

DATED this _____6th_____ day of OCTOBER, 2010.

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post    Office    Box  1948
Orlando,  FL  32802-1948
Voice :          (407) 648-9050
Facsimile :    N/A
E.C.F.(Only) : depecf@cfl.rr.com
F.B.N.          0776238
Lead Trial Counsel (to be noticed) for the Plaintiff,
MIGDALIA ORTIZ

JAMES T. HARPER
Law Office of James T.  Harper, P.A.
1510 East Colonial Drive; Suite 204
Orlando, FL 32803-4734
Voice :    (407) 896 - 3077
Facsmile : (407) 896 - 3041
ECF          tramh@urichoffice.com
F.B.N.    0143103
Lead Trial Counsel (also to be noticed) for the Plaintiff,
MIGDALIA ORTIZ

11